## PROCTER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5390.

Circuit Court of Appeals, Fourth Circuit.

Oct. 30, 1945.

Thomas H. Fisher, of Chicago, Ill., for petitioner.

Carlton Fox, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SOPER and DOBIE, Circuit Judges, and HARRY E. WATKINS, District Judge.

DOBIE, Circuit Judge.

This proceeding concerns a federal gift tax for the year 1939. The case was before us once before, when an elaborate opinion, written by Judge Parker, was filed. Again, on Procter's petition for rehearing, we filed a brief per curiam opinion, denying the petition. These opinions will be found in 4 cir., 142 F.2d 824, 154 A.L.R. 1215. Upon a remand by us, the Tax Court of the United States has determined a tax deficiency in the petitioner's gift tax for 1939 in the sum of $10,566.-07. From this decision, an appeal to us has been taken by the petitioner, Procter.

On the instant hearing before the Tax Court of the United States, the following stipulation was filed:

"It is hereby stipulated and agreed by and between Frederic W. Procter and the Commissioner of Internal Revenue, by their respective attorneys, that the following additional facts shall be taken as true, provided, however, that this further stipulation shall be without prejudice to the right of either party to object to the competency, relevancy or materiality of such additional facts, and without prejudice to the right of either party to introduce other and further evidence not at variance with the facts herein stipulated.

"1. That the present worth of the right to receive $1 at the death of a person aged 63 years, provided a person aged 36 years shall survive, is $0.56445.

"2. That the present worth of the right to receive $1 each year after the death of a person aged 63 years, until a person aged 36 years shall attain the age of 40 years or until his earlier death, is $0.33902.

"3. That the present worth of the right to receive $1 either at the end of 4 years, if a person aged 63 years shall have died and a person aged 36 years shall survive the 4-year period, or at the death of a person aged 63 years occurring after 4 years but during the life of a person aged 36 years is $0.55377.

"4. That the present worth of the right to receive $1 at the death of a person aged 63 years, provided that it occurs after the death of a person aged 36 years, is $0.07154.

"5. That the present worth of the right to receive $1 at the death of a person aged 36 years, provided that it occurs within 4 years after the death of a person aged 63 years, is $0.00269.

"6. That the foregoing factors, which are stipulated in Paragraphs 1 to 5 inclusive, are based on the Actuaries' or Combined Experience Table of Mortality with compound interest at the rate of 4% a year as provided by Article 19 of Regulations 79 relating to Federal gift tax under the Revenue Act of 1932 as amended.

"7. That Frederic W. Procter elects to claim specific exemption against the gifts alleged to be subject to the Federal gift tax herein in the amount of $40,000.

"8. That no actuarial or other recognized method exists to determine the following:

"(a) Whether Lillian S. Procter will or will not foreclose on the security pledged under petitioner's $686,300.03 notes during her lifetime.

"(b) Whether the fair market value of the corpora of the two trusts created by Harley T. Procter on December 29, 1914, and by Article Six of his Last Will and Testament will or will not exceed the sum of $868,300.03 upon the date upon which Lillian S. Procter forecloses on said security pledge or dies.

"(c) What will be the fair market value of the corpora of said two trusts, if any, after the petitioner's notes of $686,300.03 are satisfied and paid, in fact.

"(d) Whether Lillian S. Procter will die leaving children other than Frederic W. Procter, or grandchildren other than Frederic W. Procter, Jr., and Patricia Marise Procter.

"(e) Whether Frederic W. Procter will die leaving issue other than Frederic W. Procter, Jr. and Patricia Marise Procter.

"(f) Whether the children or other issue of Frederic W. Procter will die leaving issue or widows."

The incidence of the tax in question was upon petitioner's interest in certain trusts in which he was the beneficiary. The problem was further complicated by an agreement by the petitioner· for the payment of certain notes, held by petitioner's mother, out of his interest in these trusts.

The Tax Court of the United States, in fixing the amount of the tax, adopted as correct the method of computation prescribed in our previous opinion. The Tax Court held, too, that the factors set out in paragraphs 2, 4 and 5 of the stipulation set out above were irrelevant and immaterial and that they, therefore, constituted no reason for varying the formulae of computation at which we arrived. This holding we find to be correct. In our previous opinion, and in the opinion of Judge Leech of the Tax Court of the United States, the various incidents and aspects of this case are so thoroughly discussed that we feel it would serve no useful purpose to add materially to those opinions.

We notice, briefly, two contentions made by the petitioner on this appeal. These contentions, inferentially if not expressly, we answered in our previous opinion.

■ Petitioner first contends that the value of the gifts should be discounted by an amount representing the value of the remainder interests of the donees in the corpora of the trusts in the event that the petitioner had died before his mother. Since these remainders fall in only in the event of the failure of the petitioner's remainders, since this contention is partly based on circumstances which the Tax Court of the United States correctly held to be immaterial, and since due weight has already been given to this factor, we find no merit in the contention.

■ Then petitioner insists that the value of the gift here involved is incapable of computation in money. This issue was hitherto decided against the petitioner. But petitioner claims that added facts now stipulated negative our previous holding. As has already been indicated, we think that none of these added factors in any way militates against our previous view. In prescribing formulae for the computation of the amount of the tax, we necessarily decided that the value of the gift was

susceptible of computation. We find nothing further adduced by the petitioner on this appeal that might cause us to change our former decision.

The decision of the Tax Court of the United States is accordingly affirmed.

Affirmed.