**Douglas Vincent METHENY, Petitioner–Appellant,**

v.

**M.C. HAMBY, Warden; and William M. Leech, Attorney General of the State of Tennessee, Respondents–Appellees.**

No. 86–5974.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 6, 1987.

Decided Dec. 22, 1987.

Lionel R. Barrett, Jr. (argued), Nashville, Tenn., for petitioner-appellant.

W.J. Michael Cody, Atty. Gen., Nashville, Tenn., Wayne E. Uhl (argued), for respondents-appellees.

Before JONES and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.

ALAN E. NORRIS, Circuit Judge.

Petitioner, Douglas Metheny, while in state custody as the result of felony convictions, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Metheny claimed that he was entitled to a writ since the state of Tennessee had violated the trial-before-return provision of Article IV(e) of the Interstate Agreement on Detainers ("IAD") by returning him to federal custody from state custody without proceeding to trial on the state charges. He appeals the denial of his petition by the district court.

The threshold issue for our determination is whether Metheny's claimed violation of the IAD is cognizable under 28 U.S.C. § 2254. For if his claim is not cognizable, then the district court should be affirmed and we need not reach the other questions raised in the appeal—whether the state actually violated the IAD and, if so, whether Metheny waived any violation.

Metheny claimed that the state violated Article IV(e) of the IAD by returning him to federal custody from state custody on several occasions without proceeding to trial on the state charges. Custody had been obtained by the state for proceedings preliminary to trial, pursuant to writs of habeas corpus *ad prosequendum* directed to federal prison authorities. The federal government is a party to the IAD. Metheny argued that Tennessee, also a party to the IAD, had lodged a detainer against him with federal authorities as contemplated by the Agreement, and that the state's conduct violated Article IV(e):

> If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

Tenn.Code Ann. § 40–31–101 (1982).

In *Mars v. United States*, 615 F.2d 704 (6th Cir.1980), *cert. denied*, 449 U.S. 849, 101 S.Ct. 138, 66 L.Ed.2d 60 (1980), we held that violation of the IAD was not cognizable under 28 U.S.C. § 2255, where a federal prisoner sought postconviction relief on the basis of a violation by the United States of Article IV(e) of the IAD. Mars was serving a prison term in Michigan when the government directed a detainer against him to state corrections officials. After he was indicted on federal charges, he was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum*, and returned a week later without having been tried. He was subsequently taken into federal custody again to be tried, and was convicted.

Relying upon the Supreme Court's opinion in *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), we held that Mars' claim was not cognizable under 28 U.S.C. § 2255 because the claimed error was not a fundamental defect which inherently results in a complete miscarriage of justice, and did not present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent. 615 F.2d at 707.

Because the error claimed by Metheny rises to no higher a level of seriousness than that claimed by Mars, we must determine if a different standard should be applied in this appeal solely because Metheny is in state custody and seeks federal habeas corpus relief under 28 U.S.C. § 2254.

We discern no reason to apply a higher standard than the one set out in *Davis*, and which we applied in *Mars* to a federal prisoner seeking relief under 28 U.S.C. § 2255. Certainly, considerations of comity and federalism argue for that result. *See Francis v. Henderson*, 425 U.S. 536, 541–42, 96 S.Ct. 1708, 1711, 48 L.Ed.2d 149 (1976). The Supreme Court has on numerous occasions commented upon similarities between the relief available under 28 U.S.C. § 2255 and habeas corpus, noting that 28 U.S.C. § 2255 provides to the sentencing court the remedies which are available by habeas corpus in the court of the district where the prisoner is confined. *See, e.g., Davis v. United States*, 417 U.S. at 343–44, 94 S.Ct. at 2304; *Hill v. United States*, 368 U.S. 424, 427, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *Heflin v. United States*, 358 U.S.

415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), concurring opinion of five Justices at 421, 79 S.Ct. at 454; *United States v. Hayman*, 342 U.S. 205, 219, 72 S.Ct. 263, 272, 96 L.Ed. 232 (1952). Because 28 U.S.C. § 2255 is "the modern postconviction procedure available to federal prisoners," *Stone v. Powell*, 428 U.S. 465, 479, 96 S.Ct. 3037, 3045, 49 L.Ed.2d 1067 (1976), and therefore offers a wide range of postconviction relief remedies, the relief available to a state prisoner under 28 U.S.C. § 2254 is narrower in scope, since it provides only for habeas corpus relief when custody is in violation of the Constitution, laws, or treaties of the United States. Accordingly, principles of comity dictate that a higher standard of cognizability be required of errors alleged by prisoners who are incarcerated as the result of state court proceedings, especially when one considers that a state prisoner has had available to him state postconviction procedures. *See* 428 U.S. 465, 96 S.Ct. at 3037–38; *Niziolek v. Ashe*, 694 F.2d 282 (1st Cir.1982).

Our conclusion, that Metheny's claim of a state violation of Article IV(e) of the IAD is not cognizable under 28 U.S.C. § 2254, is supported by positions taken by the First Circuit in *Fasano v. Hall*, 615 F.2d 555 (1st Cir.1980), *cert. denied*, 449 U.S. 867, 101 S.Ct. 201, 66 L.Ed.2d 86 (1980), the Fourth Circuit in *Kerr v. Finkbeiner*, 757 F.2d 604 (4th Cir.1985), *cert. denied*, 474 U.S. 929, 106 S.Ct. 263, 88 L.Ed.2d 269 (1985) and *Bush v. Muncy*, 659 F.2d 402 (4th Cir. 1981), *cert. denied*, 455 U.S. 910, 102 S.Ct. 1259, 71 L.Ed.2d 449 (1982), and the Ninth Circuit in *Carlson v. Hong*, 707 F.2d 367, 368 (9th Cir.1983), *but cf. Tinghitella v. California*, 718 F.2d 308 (9th Cir.1983) (violation of IAD time provisions is a cognizable defect). In addition, three other circuits have concluded that, in the absence of exceptional circumstances, violation of the IAD is not cognizable under 28 U.S.C. § 2255: *Edwards v. United States*, 564 F.2d 652 (2d Cir.1977); *Huff v. United States*, 599 F.2d 860 (8th Cir.1979), *cert. denied*, 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979); *Greathouse v. United States*, 655 F.2d 1032 (10th Cir.1981), *cert.*

*denied*, 455 U.S. 926, 102 S.Ct. 1289, 71 L.Ed.2d 469 (1982).

Opinions of other circuits are cited as having arrived at a contrary conclusion. However, the Seventh Circuit, in arriving at that conclusion in *Webb v. Keohane*, 804 F.2d 413 (7th Cir.1986) and *Echevarria v. Bell*, 579 F.2d 1022 (7th Cir.1978), did not undertake the two-step analysis we found mandatory in *Mars*, and which also has been utilized by the First, Second, Fourth, Eighth, Ninth, and Tenth Circuits in the cases cited above. The courts in the Seventh Circuit cases satisfied the first step of the analysis by determining that the IAD is a law of the United States for purposes of federal habeas corpus jurisdiction. However, the Supreme Court has cautioned that the inquiry should not stop there, since not every asserted error of federal law can be raised on a request for habeas corpus relief. Instead, it must be determined that the claimed error is a fundamental defect which inherently results in a complete miscarriage of justice and presents exceptional circumstances where the need for the remedy afforded by habeas corpus is apparent. *Davis v. United States*, 417 U.S. at 346, 94 S.Ct. at 2305. Because the Seventh Circuit did not undertake this second step of the analysis, its opinions properly should be cited as jurisdictional, not cognizability holdings.

The Third Circuit, in *United States v. Williams*, 615 F.2d 585 (3d Cir.1980), did follow the two-step analysis in determining that a violation of Article IV(e) of the IAD is cognizable under 28 U.S.C. § 2255, concluding that such a violation amounts to a fundamental defect. The conclusion in *Williams* is, of course, the opposite conclusion from the one we arrived at in *Mars*, but we continue to believe our conclusion in *Mars* was correct. The *Williams* court could find nothing to warrant treating a claimed IAD error under 28 U.S.C. § 2255 differently than one raised under 28 U.S.C. § 2254, citing its earlier opinion in *Esola v. Groomes*, 520 F.2d 830 (3d Cir.1975). We note that the Third Circuit has recently held that not all violations of the IAD are "fundamental defects" and thus cognizable

under 28 U.S.C. § 2254. *Casper v. Ryan*, 822 F.2d 1283 (3d Cir.1987).

Because we are persuaded that our holding in *Mars* remains sound, and that a lower standard of cognizability should not be applied to claims brought by a state prisoner pursuant to 28 U.S.C. § 2254, we join the clear majority of the circuits in holding that, in the absence of exceptional circumstances, a claimed violation of Article IV(e) of the IAD is not a fundamental defect which is cognizable under 28 U.S.C. § 2254. We therefore affirm the order of the district court.