859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald Louis LARKINS, Petitioner-Appellant,
v.
The STATE OF MICHIGAN and the Attorney General of the State
of Michigan, Respondents-Appellees.
 No. 87-2074.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner, Ronald Louis Larkins, appeals the judgment of the district court denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his petition, Larkins argued that provisions of the Interstate Agreement on Detainers (IAD) were violated by his transfer from Colorado to Michigan for trial. Additionally, he claimed a denial of equal protection and due process when the court denied his request for funds to hire an expert in eyewitness identification. Petitioner also asserted claims against the prosecutor which were abandoned on appeal and are, therefore, not reviewable. See Murphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Petitioner asserts he was a paralegal for seven years and admits use of several names in connection with charges brought against him in several states.
 
 
 3
 The district court found that petitioner's allegations do not warrant habeas corpus relief. The court correctly noted that violations of the IAD do not ordinarily serve as the basis for habeas relief under 28 U.S.C. Sec. 2254 unless the claimed error presents exceptional circumstances or amounts to a fundamental defect resulting in a complete miscarriage of justice. Metheny v. Hamby, 835 F.2d 672 (6th Cir.1987); Mars v. United States, 615 F.2d 704 (6th Cir.1980) (violations of the IAD cannot ordinarily serve as the basis for relief under 28 U.S.C. Sec. 2255).
 
 
 4
 In this case petitioner has failed to establish prejudice amounting to a fundamental defect resulting in a complete miscarriage of justice. In fact, petitioner has not shown any prejudice whatsoever that would call into question the validity of his conviction. Therefore, he was not denied due process. We affirm also for the reasons set out by the magistrate in his report and recommendation in this case.
 
 
 5
 Accordingly, Larkins' motion for appointment of counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.