859 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward M. MEREDITH, Petitioner-Appellant,
v.
Michael DUTTON, Warden; Mike Cody, Attorney General, of
Tennessee, Respondents-Appellees.
 No. 88-5321.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1988.
 
 Before BOYCE F. MARTIN, JR. and DAVID A. NELSON, Circuit Judges and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Meredith requests appointment of counsel in this appeal from the district court's judgment dismissing his petition for habeas corpus under 28 U.S.C. Sec. 2254.
 
 
 3
 Petitioner was convicted following a jury trial of armed robbery and was sentenced to twenty-five years incarceration. His conviction was affirmed on appeal; a trial court later denied a petition for post-conviction relief and the Court of Appeals affirmed the denial. In his petition, he alleged that he was denied a speedy trial, that his counsel was ineffective for failing to raise this issue, and that he was denied due process because the State of Tennessee did not file a detainer with Ohio authorities while he was incarcerated there.
 
 
 4
 Upon consideration, we conclude that petitioner has not established his entitlement to habeas relief. His speedy trial claim is insufficient because, although there was a substantial delay, it was due to the fact that petitioner fled the jurisdiction. Furthermore, he did not assert his right to a speedy trial at any time during the delay, at trial, or on direct appeal. He has also not established any resulting prejudice to his defense. Barker v. Wingo, 407 U.S. 514 (1972); Trigg v. Tennessee, 507 F.2d 949 (6th Cir.1974), cert. denied, 420 U.S. 938 (1975). As petitioner's claim of a denial of a speedy trial is without merit, the failure of his attorney to raise this issue was clearly not ineffective assistance. Finally, the failure of Tennessee officials to file a detainer does not present a constitutional challenge to petitioner's conviction and is thus not cognizable in a habeas corpus proceeding. See Metheny v. Hamby, 835 F.2d 672 (6th Cir.1987).
 
 
 5
 For the foregoing reasons, the motion for counsel is denied and the judgment of the district court denying habeas relief is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.