876 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delaney GIBSON, Petitioner-Appellant,
v.
William C. SEABOLD, Warden, Respondent-Appellee.
 No. 88-6351.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Delaney Gibson appeals the dismissal of his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Gibson alleged that a violation of the Interstate Agreement Detainers (IAD) entitled him to habeas relief. The magistrate recommended that the petition be dismissed and petitioner filed objections. The district court adopted the magistrate's recommendation and dismissed the petition. Upon consideration, we conclude that the petition was properly dismissed.
 
 
 3
 Generally, a violation of the IAD does not warrant habeas relief absent exceptional circumstances. Browning v. Foltz, 837 F.2d 276, 283 (6th Cir.1988), cert. denied, 109 S.Ct. 816 (1989); Metheny v. Hamby, 835 F.2d 672 (6th Cir.1987), cert. denied, 109 S.Ct. 270 (1988). Here, not only are exceptional circumstances absent, but respondent provided compelling evidence that the IAD was not violated at all. Under these circumstances, we can only conclude that habeas relief was properly denied.
 
 
 4
 Therefore, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.