41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Simon ONWE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1288.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: WELLFORD, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Simon Onwe, pro se, appeals a district court order denying his motion to vacate his sentence which he filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 12, 1992, after two days of a jury trial, Onwe pleaded guilty to the charge of conspiracy to possess with intent to distribute heroin and conspiracy to distribute heroin in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Pursuant to a Rule 11 plea agreement, providing for a maximum sentence of eighty-seven months of imprisonment, Onwe was sentenced to seventy-eight months of imprisonment and given a special assessment fine of $50.
 
 
 3
 Prior to sentencing, Onwe and a co-defendant, Steven Takor, moved to withdraw their guilty pleas. The district court held a hearing on these motions and denied Onwe's motion on July 20, 1992. Onwe then appealed the denial of the motion to this court, which held that the district court did not abuse its discretion in denying the motion to withdraw Onwe's plea.
 
 
 4
 On November 9, 1993, Onwe filed the motion to vacate his sentence now before this court for review. In support of this motion, Onwe alleged that he was given ineffective assistance of counsel before pleading to the charge because: 1) counsel misrepresented to him that the court wanted him to plead guilty; 2) counsel failed to inform him of the requirements under Rule 11 and failed to ensure that the government abided by an alleged agreement wherein the government would intervene favorably on Onwe's behalf with regard to proceedings initiated by the Immigration and Naturalization Service to deport him; 3) his counsel "totally abandoned" his cause after his plea was entered; and 4) his appellate counsel rendered "overall nominal representation," falling below the range of professionally competent assistance.
 
 
 5
 The district court discussed each of these allegations on the merits and determined that Onwe had entered into the plea agreement knowingly, voluntarily, and intelligently, and that his counsel did not coerce him into entering the plea agreement on the basis of promises other than what was relayed to Onwe by his counsel prior to his guilty plea. On appeal, Onwe again argues that his trial counsel was ineffective by the alleged application of undue pressure on him to plead guilty and that this Sec. 2255 action is appropriate for reviewing his ineffective assistance of counsel claim. Onwe also argues that his appellate counsel was ineffective for reasons discussed below.
 
 
 6
 To prevail in this action, Onwe must show a fundamental defect in the proceedings below that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Mere technical violations of either Fed.R.Crim.P. 11 or 32 will not warrant relief. United States v. Timmreck, 441 U.S. 780, 783-84 (1979); Hill v. United States, 368 U.S. 424, 428-29 (1962). Furthermore, because Onwe is now raising all of his arguments within the context of ineffective assistance of counsel, Onwe must also show that his counsel's performance was deficient and show that there was a reasonable probability that, but for his counsel's errors, he would have not pleaded guilty and would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Metheny v. Hamby, 835 F.2d 672, 673-74 (6th Cir.1987), cert. denied, 488 U.S. 913 (1988). Because ineffective assistance of counsel claims are generally not cognizable in direct criminal appeals, Onwe is now properly asserting them in his Sec. 2255 proceeding. United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).
 
 
 7
 This court previously considered Onwe's allegation that his plea resulted from undue influence from his attorney and concluded that this allegation of coercion was without factual support. United States v. Takor, Nos. 92-2238/2254/2255, 1993 WL 326698, at * 2 (6th Cir. Aug. 26, 1993) (per curiam) (unpublished). Thus, this court need not address this issue already resolved in Onwe's prior appeal. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). Onwe's argument that his appellate counsel was ineffective for failing to present certain arguments surrounding evidence and witnesses that could have been produced at the hearing on his motion to withdraw his plea is also without merit. The record contains affidavits by these witnesses. The testimony Onwe alleges would have been in his favor is duplicative of the information Onwe supplied, himself, regarding the options suggested by his counsel after two days of Onwe's jury trial. Thus, Onwe was not prejudiced by his counsel's failure to bring to light this particular testimony. Based on the analysis of his trial counsel's performance, his argument is without merit that his appellate counsel rendered ineffective assistance by failing to raise this issue on appeal.
 
 
 8
 Accordingly, the district court's order denying Onwe's motion to vacate his sentence is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.