48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Alfred E. GRIZZELL, Petitioner-Appellant,
v.
Billy W. COMPTON, Warden, Respondent-Appellee.
 No. 94-5683.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1995.
 
 1
 Before: BEFORE: JONES and MILBURN, Circuit Judges; and COHN, District Judge.*
 
 ORDER
 
 2
 Alfred Grizzell, a pro se Tennessee prisoner, appeals a district court judgment which denied his habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Grizzell was convicted by a jury of armed robbery and kidnapping for which he received a life sentence plus ten years of imprisonment. His conviction was affirmed on appeal. It appears from the record and respondent's brief that Grizzell has filed several prior habeas corpus petitions in the federal district court which were either denied on the merits of his claims or due to lack of exhaustion.
 
 
 4
 In his current habeas corpus petition, Grizzell asserted the following claims:
 
 
 5
 1) Petitioner was denied the effective assistance of counsel at trial in violation of the Sixth Amendment to the Constitution of the United States;
 
 
 6
 2) Petitioner was denied a fair trial due to prosecutorial misconduct in violation of the Sixth Amendment to the Constitution of the United States;
 
 
 7
 3) Petitioner was denied a fair trial due to judicial misconduct by the trial judge in violation of the Sixth Amendment to the Constitution of the United States; and
 
 
 8
 4) Petitioner was denied a speedy trial in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States.
 
 
 9
 Initially, the district court dismissed Grizzell's case due to lack of exhaustion. On appeal, this court determined that Grizzell had exhausted his available state court remedies and remanded the case to the district court for further consideration. (Case No. 90-5565). Upon remand, a magistrate judge recommended that Grizzell's habeas petition be denied. Upon de novo review in light of Grizzell's objections, the district court denied habeas corpus relief and dismissed the case.
 
 
 10
 On appeal, Grizzell continues to argue the merits of his case. He also alleges that the district court erred by not holding a second evidentiary hearing on all but his ineffective assistance of counsel claim. He requests oral argument and has filed a motion for the appointment of counsel.
 
 
 11
 Upon review, we affirm the judgment of the district court because Grizzell was not denied a fundamentally fair trial or proceeding resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 12
 We will not consider Grizzell's speedy trial claim which was already considered and denied based on a prior habeas corpus action filed by Grizzell. See Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Petitioner has not supplemented his constitutional claim with a colorable showing of factual innocence, and thus, an exception to this rule is not warranted. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). Furthermore, even if the court considers the merits of this claim, Grizzell is not entitled to habeas relief, because violations of the Interstate Agreement on Detainers (IAD) are generally not cognizable in a Sec. 2254 habeas corpus proceeding, Browning v. Foltz, 837 F.2d 276, 283 (6th Cir.1988), cert. denied, 488 U.S. 1018 (1989); Metheny v. Hamby, 835 F.2d 672, 674 (6th Cir.1987), cert. denied, 488 U.S. 913 (1988), and Grizzell has stated no claim of actual prejudice by any alleged violation of the IAD. See Mars v. United States, 615 F.2d 704, 707 (6th Cir.), cert. denied, 449 U.S. 849 (1980).
 
 
 13
 As the prosecutor's conduct was not so egregious as to deny Grizzell a fundamentally fair trial, habeas relief is unavailable on this ground. Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974). The facts of this case do not show that a reasonable person would be convinced that judicial bias existed, see United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983), and that it resulted in actual prejudice to Grizzell. Blanco v. Singletary, 943 F.2d 1477, 1495-96 (11th Cir.1991), cert. denied, 112 S.Ct. 2282 and 112 S.Ct. 2290 (1992). Furthermore, the record does not show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 694 (1984). The district court did not err when if refused to hold a second evidentiary hearing because the record of the case conclusively shows that Grizzell is not entitled to relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), cert. denied, 465 U.S. 1038 (1984). In addition, none of the eight circumstances listed in 28 U.S.C. Sec. 2254(d) is present. See McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 14
 Accordingly, we deny Grizzell's motion for counsel, deny his request for miscellaneous relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation