Richard LARA, Petitioner–Appellant,

v.

Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 97–10034.

United States Court of Appeals,
Fifth Circuit.

May 26, 1998.

Richard Lara, Kenedy, TX, pro se.

Idolina Garcia, Austin, TX, for Respondent–Appellee.

Before POLITZ, Chief Judge, and REYNALDO G. GARZA and DENNIS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

This is an appeal from the United States District Court for the Northern District of Texas, the Honorable John McBryde, presiding. The district court denied the habeas corpus petition of the Petitioner–Appellant, Richard Lara ("Lara"). Lara timely appealed, and the matter now lies before this circuit.

## Background

Richard Lara escaped from the California Youth Authority ("CYA") in 1991. In March of 1993, at the age of 22, he committed a crime and was arrested in Texas. After this arrest, Lara returned to California to continue serving his sentence. The State of Texas placed a detainer on Lara and issued a warrant for his arrest. Lara later returned to Texas and was convicted by a jury on two counts of aggravated robbery with a deadly weapon, in April of 1994. He was sentenced to life imprisonment.

On July 20, 1993, Peter Marchi ("Marchi"), Assistant Deputy Compact Administrator in California, notified Vivian Crawford ("Crawford"), Superintendent of the Ventura School, that Lara was wanted in Texas on these charges, and he stated that he believed that Lara was not subject to the Interstate Agreement on Detainers Act ("IAD"). 18 U.S.C.App. § 2, TEX.CODE CRIM.PROC. Art. 51.14 (Vernon 1998). Lara was told of these charges and claims, and later that month, he gave Casey Randall ("Randall"), CYA's Assistant Superintendent, a demand for trial. In August of 1993, Lara's parole agent showed him a memo from Marchi stating that he had no right to a speedy trial under the IAD. On August 27, 1993, Lara wrote a letter to Judge Sharon Wilson of Tarrant County, Texas. In this letter, Lara

asked what the State of Texas' plans were for him, and he stated that he wanted to face his charges in Texas as soon as possible. Lara was extradited to Texas. He tried to dismiss the Texas charges based on the IAD, claiming that the State of Texas failed to try him within 180 days of his demand by letter. Lara's motion to dismiss was denied, and he was tried and convicted. Lara appealed, and the Texas Court of Appeals affirmed his conviction, stating that his letter failed to trigger the 180–day IAD speedy-trial provision. The court also said that Lara failed to comply with the IAD because he failed to file a certificate from the official having custody of him, and that Lara failed to provide required information regarding his CYA confinement. *Lara v. State,* 909 S.W.2d 615, 616 (Tex.Ct. App.1995). The Texas Court of Criminal Appeals refused discretionary review. Lara did not file a post-conviction writ of habeas corpus in the state courts.

On April 2, 1996, Lara filed a *pro se* habeas corpus petition, under 28 U.S.C. § 2254, contending that the state courts erred in denying his motion to dismiss the indictment under the IAD's speedy-trial provision, and listing Gary L. Johnson ("Johnson") as Respondent. A magistrate judge recommended that his petition be denied, and cited a Texas state case stating that any "government delay" that contributed to Lara's inadequate filing was not grounds for dismissal. *See Schin v. Texas,* 744 S.W.2d 370, 373 (Tex. App.—Dallas 1988, writ ref'd). The magistrate told the parties that they had until December 9, 1996, to file objections. On December 11, the district court adopted the magistrate's recommendation. Lara submitted his objections on December 8, but they were not filed until December 13. He moved to set aside the judgment, arguing that the district court entered judgment prematurely, without reviewing his objections. This motion was denied.

Lara filed a notice of appeal, alleging that the district court failed to review the record *de novo,* and that his trial violated the IAD. This circuit granted a certificate of probable cause ("CPC"),[1] and the appeal now lies before this panel.

### Standard of Review

This court reviews the district court's findings of fact for clear error, but decides any issues of law *de novo. Clark v. Scott,* 70 F.3d 386, 388 (5th Cir.1995), *cert. denied,* 517 U.S. 1147, 116 S.Ct. 1444, 134 L.Ed.2d 564 (1996); *Mann v. Scott,* 41 F.3d 968, 973 (5th Cir.1994), *cert. denied,* 514 U.S. 1117, 115 S.Ct. 1977, 131 L.Ed.2d 865 (1995). The pre-AEDPA standards of review apply in this case, under which the determination of a state court of competent jurisdiction after a hearing on the merits of a factual issue will be presumed to be correct, unless the petitioner demonstrates that the state courts failed to resolve the claims on the merits. *Green,* 116 F.3d at 1119–20.

### Analysis

Lara submitted his objections for mailing on December 8, 1996, and these objections were filed on December 13. On December 11, the district court adopted the magistrate judge's recommendations.[2] Lara alleges that the district court improperly failed to undertake a *de novo* review of the record after the magistrate issued his recommendation. Lara argues that the district court prematurely adopted the recommendation without addressing his objections.

We believe Lara's claims on this issue to be meritless. On December 30, 1996, Judge McBryde stated that he reviewed Lara's objections to the magistrate judge's report, when he denied Lara's motion to set aside the judgment. Judge McBryde con-

---

**1.** This court granted a CPC because the habeas petition was filed prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214 (1996). *See Green v. Johnson,* 116 F.3d 1115, 1119–20 (5th Cir.1997).

**2.** We deem Lara's objections to be timely filed. "[A] pro se prisoner's written objections to a magistrate's report and recommendation must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *Thompson v. Rasberry,* 993 F.2d 513, 515 (5th Cir.1993). Lara certified that his objections were mailed on December 8, 1996, one day before they were due.

cluded, upon review of Lara's objections, that the result would have been the same had he been in possession of those objections on December 11. This court presumes that the district court followed the law and did its statutorily commanded duty. *Koetting v. Thompson,* 995 F.2d 37, 40 (5th Cir.1993). Lara has failed to rebut this presumption, and we have no reason to believe that Judge McBryde failed to perform his duties in this matter.

■ The next issue is whether Lara was entitled to a speedy trial under the IAD. The key points in the analysis of this issue are whether Lara's letter to Judge Wilson triggered the running of the 180–day speedy trial period under the IAD, and whether the Texas proceedings should have been dismissed because of delay or negligence on the part of California with regard to this matter.[3] The magistrate and district court held that the letter did not trigger the IAD, and that the Texas proceedings should not have been dismissed because of errors or delays on the part of the CYA. We agree.

■ The IAD has been adopted by most states (including Texas), and is a congressionally mandated compact, so its interpretation is a question of federal law. *Cuyler v. Adams,* 449 U.S. 433, 438, 101 S.Ct. 703, 706–07, 66 L.Ed.2d 641 (1981). As relevant to Lara's claim, the IAD requires that a defendant be brought to trial within 180 days of a proper request for disposition of an indictment or detainer. TEX. CODE CRIM.PROC. art. 51.14, Art. III(a). If a trial as directed by the IAD is not held, the court is to dismiss the indictment with prejudice. *Gibson v. Klevenhagen,* 777 F.2d 1056, 1058 (5th Cir.1985).

■ The Texas Attorney General's Office (in its brief on behalf of Johnson) contends that the law on whether an IAD claim such as this is cognizable under § 2254 is unsettled, and that previous Fifth Circuit opinions imply that such a claim is cognizable. *See e.g.: Birdwell v. Skeen,* 983 F.2d 1332 (5th Cir.1993); *Gibson,* 777 F.2d at 1058–59. We wish to make it clear that an IAD claim of the type raised by Lara is cognizable under § 2254, under certain conditions.

Other circuits have stated that the issue of whether an IAD violation is cognizable under federal habeas review is subject to a two-part test. First, the court must consider whether the IAD is a federal law as contemplated in § 2254, and second, whether the particular violation of the IAD is a violation which requires relief under § 2254. See *Bush v. Muncy,* 659 F.2d 402, 407 (4th Cir.1981), *cert. denied,* 455 U.S. 910, 102 S.Ct. 1259, 71 L.Ed.2d 449 (1982); *Metheny v. Hamby,* 835 F.2d 672, 674 (6th Cir.1987), *cert. denied,* 488 U.S. 913, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988). As stated earlier, the Supreme Court has stated that the IAD is a federal law, as envisioned by § 2254. *Cuyler,* 449 U.S. at 438, 101 S.Ct. at 706–07.

The Supreme Court left the second question open in *Reed v. Farley,* 512 U.S. 339, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). In this case, the Court held that a violation of the 120–day rule in Article IV of the IAD is not cognizable "when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement." *Id.* at 342, 114 S.Ct. at 2294. However, the Court stated that *Reed* gave it "no cause to consider" whether it would confront such a violation "if a state court, presented with a timely request to set a trial date within the IAD's 120–day period, nonetheless refused to comply with Article IV(c)." *Id.* at 349, 114 S.Ct. at 2297. Further, the Court, citing *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962), stated in *Reed* that habeas review is available when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 348, 114 S.Ct. at 2297.

All the other circuits have stated that *Hill* is the appropriate standard for federal habeas review of an IAD violation. *See e.g.: Cross v. Cunningham,* 87 F.3d 586, 588 (1st Cir.1996); *Metheny,* 835 F.2d at 674. We agree, and for Lara to prevail in this case, he must show that the alleged violation is a "fundamental defect" of a type which would lead to a "miscarriage of justice." This de-

---

**3.** Lara originally alleged that his rights to a speedy trial under the IAD were violated by Texas and California. On appeal, he only alleges

this claim against Texas. Failure to brief an issue on appeal constitutes waiver. *Koetting,* 995 F.2d at 38 n. 1.

fect must be an exceptional circumstance of a type which causes prejudice to the defendant. *See Cross,* 87 F.3d at 588; *Bush,* 659 F.2d at 409; *Metheny,* 835 F.2d at 675.

■ Lara has failed to show how this alleged IAD violation rises to a level of a fundamental defect which would require dismissal. This alleged violation did not affect or damage Lara's ability to get a fair trial, nor does it appear that it caused a possibility that an innocent man was convicted and imprisoned. Further, even though the California authorities took the position that the IAD did not apply to Lara, Texas sent the appropriate forms to Lara, and the trial commenced within 120 days of the prosecutor's request to take custody of Lara, as is appropriate under the IAD.

■ Also, aside from the fact that it would be distasteful for Texas to have to pay for California's mistakes, such a result would go beyond the scope of the IAD. The IAD provides for dismissal in the following circumstances:

(1) .if, after a prisoner has made the required request pursuant to Article III, trial does not occur within the required 180 days;

(2) when trial does not occur before the prisoner, having been transferred to the receiving state, is sent back to the sending state; or

(3) when the receiving state fails or refuses to accept temporary custody of the prisoner.

*Schin,* 744 S.W.2d at 374.

■ Lara's letter does not pass muster for dismissal under the first criterion, and California's actions do not require dismissal under any of the three criteria. Lara's letter did not constitute a proper request under the

IAD, and he did not provide the proper certificates and information necessary for a proper IAD request. Further, dismissal because of negligence on the part of the sending state is not a part of the IAD, and we agree with the district court that it would be inappropriate for the federal courts to judicially expand the list of situations in which dismissal is dictated.[4]

However, we are not implying or stating that nothing short of strict and literal compliance with each and every IAD provision is absolutely necessary to sufficiently notify a state's prosecutors of a request for trial. We merely state that Lara's letter does not pass muster under the precedent and standards previously listed to trigger the IAD. We, therefore, see no reversible error in the decision of the magistrate and the district court.[5]

### Conclusion

Given the foregoing, we find no reversible error in Judge McBryde's decision to deny Lara's habeas corpus petition. Accordingly, we AFFIRM the decision of the district court.

AFFIRMED.

---

4. The state court expressly dealt with contrary precedent on this issue, and rejected such arguments and precedent. *Schin,* 744 S.W.2d at 374. We agree with the *Schin* court's reasoning, and reject such precedent as well.

5. Any concern about Lara having no remedy for this alleged IAD violation is misplaced. Lara is still free to file suit against the California officials under § 1983, and we pass no judgment on the validity or strength of such a claim here. *See Cross,* 87 F.3d at 588.