UNITED STATES of America,
Plaintiff-Appellee,

v.

Samuel E. STORY, Defendant-Appellant.

No. 83–1077.

United States Court of Appeals,
Sixth Circuit.

Argued July 25, 1983.

Decided Sept. 1, 1983.

Donald E. Martin (argued), Lansing, Mich., for defendant-appellant.

John A. Smietanka, U.S. Atty., Martin F. Palus (argued), Grand Rapids, Mich., for plaintiff-appellee.

Before ENGEL, MARTIN and CONTIE, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Samuel E. Story appeals from the denial of his motion to vacate his sentence, pursuant to either Federal Rule of Criminal Procedure 32 or 28 U.S.C. §§ 144 and 455. Story pled guilty to one count of conspiracy to transport stolen goods in interstate com-

merce in violation of 18 U.S.C. § 371. The district court sentenced him to the maximum five years imprisonment and imposed the maximum $10,000 fine. Story moved to have his sentence vacated on the grounds that it was illegally imposed and to have the district judge disqualified for prejudice. The district court denied his motions and we affirm.

In July, 1982 Story was charged with conspiracy to transport in interstate commerce goods and equipment converted from the Veterans of Foreign Wars National Home and seven substantive offenses. He pled guilty to the conspiracy charge and agreed to restore approximately $20,000 to the VFW National Home. At the plea hearing, Story acknowledged that he had been Executive Director of the National Home, a charitable organization which shelters and aids widows and orphans of veterans. Story and his codefendant Winters,[1] the assistant treasurer of the VFW National Home, used VFW money, credit, vouchers, and equipment to renovate or build homes for themselves in Arkansas. Winters pled guilty to three counts of conspiracy.

Lee Owens, a United States probation officer, prepared a presentence report on Story. The report included Owens' personal evaluation of Story and a sentence recommendation, Story's account of the events, and character references from Story's friends and associates. Story was not informed of Winters' comments on the events in question. Probation officer Peter Farougi prepared Winters' presentence report which, in addition to Winters' version of the events, contained a summary of Story's account. During the presentence investigation, Farougi confronted Winters with the apparent disparity between his and Story's versions of the fraud. Prior to the sentencing hearing, Farougi and the district judge conferred on the codefendants' presentence reports. While Farougi highlighted for the court the inconsistencies between their

accounts, he focused his attention primarily on Winters. Both Story and Winters were permitted to review the contents of their presentence reports before the sentencing hearing, as required by Rule 32(c)(3)(A).

At the sentencing hearing the court explored first with Winters his account of his behavior and his attitude towards rehabilitation; the court then sentenced him. Next the court questioned Story, giving him an opportunity to relate his version of the events, to comment on the presentence report, and to refute Winters' information. Based on information in the report, the meeting with Peter Farougi, and the in-court colloquy, the district court imposed on Story the maximum sentence and fine. The court also reprimanded Story for his "reprehensible" conduct and his attempts to minimize his responsibility for the crimes.

There are two issues on appeal. The first is whether the sentence was imposed in contravention of Federal Rule of Criminal Procedure 32. The second question is whether the application of either section 144 or 455 required the district judge to recuse himself in the present case.

Rule 32(c) describes how a presentence report shall be prepared and handled. The report must be prepared before the imposition of a sentence and shall contain "the circumstances affecting [the defendant's] behavior as may be helpful in imposing sentence . . . and such other information as may be required by the court." Fed.R. Crim.P. 32(c)(2). Subsection (c)(3)(A) also requires that the defendant have access to the report and "an opportunity to comment thereon, and . . . to introduce testimony or other information relating to any alleged factual inaccuracy." Also pertinent to sentencing is 18 U.S.C. § 3577 which states: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." *See Roberts v.*

---

1. Winter's wife was also a defendant in district court but her case does not affect the present appeal.

*United States,* 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980) (virtually unlimited scope of inquiry for sentencing judge regardless of type or source of information).

In light of the foregoing authority, we find that Story's sentence was lawfully imposed. First, it is not improper for the court to hold presentence conferences with the probation staff. *United States v. Hone,* 456 F.2d 495, 497 (6th Cir.1972). Although Farougi had not prepared Story's presentence report, he was nonetheless qualified to advise the court of the disparities between the codefendants' stories, especially because these disparities were evident in Winters' report alone. Furthermore, that Farougi failed to inform the court of Story's promise to restore money to the VFW is immaterial; an account of the promise was undoubtedly available elsewhere in Story's report for the court's information. As to the conflicting stories of the codefendants, we note that Story heard Winters' discussion with the court at the sentencing hearing. He was given ample opportunity to refute Winters' statements, but did not do so. We decline to find that the court's reliance on the conflicting accounts, if such reliance in fact occurred, was improper. We conclude, then, that Story's sentence was lawfully imposed.

The second issue is whether the district judge ought to have disqualified himself from the case under 28 U.S.C. § 144 or § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. . . .

The facts in the affidavit must be accepted as true. *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *Oliver v. Michigan State Board of Education,* 508

F.2d 178, 180 (6th Cir.1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975). The facts and reasons set out in the affidavit "must give fair and adequate support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger,* 255 U.S. at 33, 41 S.Ct. at 233, *quoted in Parrish v. Bd. of Commissioners of Alabama State Bar,* 524 F.2d 98, 100 (5th Cir.1975). The legal standard requires the facts to be such as would "convince a reasonable man that a bias exists." *United States v. Thompson,* 483 F.2d 527, 528 (3d Cir.1973). A bias sufficient to justify recusal must be a personal bias "as distinguished from a judicial one," arising "out of the judge's background and association" and not from the "judge's view of the law." *Oliver v. Michigan State Board of Education,* 508 F.2d at 180, *citing Knapp v. Kinsey,* 232 F.2d 458, 466 (6th Cir.1956). *Accord City of Cleveland v. Krupansky,* 619 F.2d 576, 578 (6th Cir.), *cert. denied,* 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980).

The defendant complains that the district judge had a personal bias in favor of the VFW National Home and against him. In support of his complaint, Story alleges: (1) that the court questioned Winters' on Story's involvement in the crimes; (2) that the court discussed Story's sentence with probation officer Farougi but not with Story before the sentencing hearing; (3) that the court did not allow Story to review all the personal recommendations in his presentence file; (4) that Story received the maximum penalty; (5) that the district judge had formerly been a tax and estate lawyer and had recommended that individuals bequeath money to the VFW National Home; and (6) that the judge had once represented the VFW contesting a will. We find that Story's complaints relate, for the most part, to the presentence conference and the sentencing hearing. These events and facts cannot be the source of a personal bias, because they arise from the judge's association with the proceeding. These facts then will not support a finding of personal bias in the mind of a reasonable person.

The only allegations of substance seem to concern the district judge's previous contact with the VFW National Home. Prior contact with the victim of a crime is not sufficient to show judicial bias. *United States ex rel. Perry v. Cuyler,* 584 F.2d 644, 647 (3d Cir.1978), *cert. denied,* 440 U.S. 925, 99 S.Ct. 1257, 59 L.Ed.2d 80 (1979). In our estimation, the factual allegations do not support a claim of personal bias, and, in the mind of a reasonable person, there would be no question as to the judge's impartiality.

The defendant also argues that section 455 requires disqualification. Section 455 provides:

(a) Any justice, judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has personal bias or prejudice concerning a party; ...

It is well settled that sections 144 and 455 "must be construed *in pari materia*" and "that disqualification under section 455(a) must be predicated as previously under section 144, upon extrajudicial conduct rather than on judicial conduct." *City of Cleveland v. Krupansky,* 619 F.2d at 578. *Accord In re International Business Machines Corporation,* 618 F.2d 923 (2d Cir.1980). The difference between sections 144 and 455 is that section 455 is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint. "Recusal is mandated ... only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Trotter v. Intern. Longshoremen's & Warehousemen's Union,* 704 F.2d 1141, 1144 (9th Cir.1983). *Accord United States v. Cowden,* 545 F.2d 257 (1st Cir.1976), *cert. denied,* 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977).

With more facts available from the district court's opinion, it is clear that there are no reasonable grounds to question the judge's impartiality. The district judge in his opinion at footnote 2 explained that he had maintained a list of charitable organizations for donations while in private practice. The VFW was one of many organizations on the list. He had also represented the VFW in a will contest. However, these contacts were *at least* thirteen years old. The judge's comments on Story's "heinous" crime reflected not his personal reaction to fraud against a past client. Rather, they reflected his judicial reaction to the defrauding of a charity and the abuse of a position of trust. Again we conclude that the district court was not personally biased against Story and in favor of the VFW National Home.

Judgment affirmed.