762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT J. KONDRAT, PLAINTIFF-APPELLANT,
v.
BARRY M. BYRON; JUDGE RICHARD B. MCQUADE, JR; JUDGE JAMES W.
JACKSON; JUDGE ROBERT B. FORD, DEFENDANTS-APPELLEES.
 NO. 84-3702
 United States Court of Appeals, Sixth Circuit.
 4/17/85
 
 ORDER
 BEFORE: KENNEDY and CONTIE, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 Kondrat appeals pro se from the district court's judgment dismissing his civil rights complaint. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Kondrat is a resident of the city of Willoughby Hills, Ohio. The defendants are the law director of the city and three state court judges. Kondrat's complaint alleges that the law director and the three judges conspired to render adverse decisions against Kondrat in state court litigation.
 
 
 3
 The district court held that Kondrat failed to state a Sec. 1985(3) claim because he did not allege a class-based, invidious discriminatory animus on the part of the defendants. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The court also held that the three state court judges were immune from damages in a Sec. 1983 suit. Stump v. Sparkman, 435 U.S. 349, 355-6 (1978). We agree with these conclusions of the district court. We also hold that Kondrat's allegations of conspiracy between the judges and the law director are conclusory because they refer to nothing more than the unfavorable decisions rendered against him; and these allegations are not enough to state a valid Sec. 1983 claim. Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971).
 
 
 4
 Kondrat also filed a motion for recusal of the district court judge, based on the judge's view of the law which he had expressed in an earlier case. A judge's view of the law is not a sufficient ground upon which to grant a motion for recusal. United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). So the motion was properly denied.
 
 
 5
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.