7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kazuhito BACON, Plaintiff-Appellant,
v.
UNITED STATES AIR FORCE, Defendant-Appellee.
 No. 92-3848.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This pro se litigant appeals from the order of the district court adopting the report and recommendation of the special master and entering judgment for the defendant United States Air Force. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a complaint filed under 42 U.S.C. § 2000e-16(c), Bacon alleged that in May 1986 the United States Air Force denied him employment because of his race and national origin and in retaliation for his having filed a charge of discrimination against a previous employer. Trial was held before a special master on September 10 and 11, 1991. The special master concluded that Bacon failed to demonstrate by a preponderance of the evidence that his race, national origin, or a prior charge of discrimination against another employer were factors in his not being hired. Bacon filed objections to the special master's report and recommendation pursuant to Fed.R.Civ.P. 53(e)(2). The parties presented oral argument in support of their positions on November 26, 1991. The district court adopted the report and recommendation of the special master, in its entirety, by an order dated December 4, 1991. Bacon moved for a new trial and for the court to amend its findings of fact and final judgment. The district court denied his motions. In an order dated August 11, 1992, the district court, pursuant to 28 U.S.C. § 1915(a), certified that any appeal would not be taken in good faith. On appeal, Bacon reasserts that he was denied employment as a result of racial discrimination and in retaliation for his having previously filed a discrimination suit against a former private employer.
 
 
 3
 Upon review, we find no error. The factual findings contained in a special master's report and recommendation are reviewed for clear error. Fed.R.Civ.P. 53(e)(2). When findings of fact are based upon assessments of witness credibility, great deference to the findings of fact is warranted. Michigan Carpenters Council v. C.J. Rogers, Inc., 933 F.2d 376, 385 (6th Cir.), cert. denied, 112 S.Ct. 585 (1991). Moreover, credibility determinations in Title VII actions require even greater deference than other findings of fact. Wrenn v. Gould, 808 F.2d 493, 499 (6th Cir.1987), cert. denied, 484 U.S. 1067 (1988).
 
 
 4
 The facts alleged by the parties are not significantly different. The parties' interpretation of those facts, however, is significantly different. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 574 (1985). Upon review, we conclude that sufficient evidence exists to support the special master's determination that the Air Force met its burden of proof and that its reasons for not hiring Bacon were not pretextual.
 
 
 5
 Two additional issues must be addressed. First, Bacon's allegation that he did not consent to the submission of this case to a special master is barred by trial counsel's failure to object to the submission of this case to the special master. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). Second, Bacon's contention that the district court judge's conduct was biased does not state an appropriate claim of personal bias. United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983).
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the special master's report, as adopted by the district court, pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.