14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Stephen Duval HOWELL, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; David Haskell, Warden, Defendants-Appellees.
 No. 93-1189.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 1
 Before: KEITH and NORRIS, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Stephen Duval Howell, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive, declaratory, and monetary relief, Howell sued two Michigan prison officials contending that he was placed in administrative segregation for eleven days. Howell alleged that while in segregation, he was denied personal hygiene materials, denied exercise, denied visitations, denied placement in a pre-GED course, denied proper meals on several occasions, and that his out-going mail was subject to tampering. Howell did not state in what capacity he was suing the defendants nor did he state how the defendants were personally responsible for the alleged constitutional deprivations.
 
 
 4
 The parties filed cross-motions for summary judgment. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants. In his timely appeal, Howell appears to argue that the defendants were responsible for the constitutional violations, that unidentified prison policies created a liberty interest, and that the district court's decision demonstrated judicial bias.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). After the moving party has shown entitlement to summary judgment, the non-moving party must present significant probative evidence establishing a genuine issue of material fact in order to defeat the motion. Id. at 323-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).
 
 
 6
 Upon review, we conclude that summary judgment was properly granted for the defendants. Howell is not entitled to monetary damages. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989). Furthermore, he is not entitled to injunctive or declaratory relief. See Green v. Mansour, 474 U.S. 64, 71-74 (1985). Howell's conclusory allegations fail to state a claim for a deprivation of his liberty. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). His claims as asserted under the First and Eighth Amendments were not raised on appeal and are construed as abandoned and not reviewable. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Finally, Howell has not established judicial bias. See United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation