41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Arthur BURCHETT, Plaintiff-Appellant,
v.
Gary DAVIS; Janet Reno; Federal Bureau of Investigation;
John Doe(s), Director of the Federal Bureau of
Investigation; Thomas Self; Kathleen
Hawk, Defendants-Appellees.
 No. 94-5798.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: KENNEDY and SILER, Circuit Judges, and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 William Arthur Burchett, a pro se federal prisoner, appeals a district court judgment denying his petition for a writ of mandamus filed pursuant to 28 U.S.C. Sec. 1361. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking mandamus relief, Burchett sued multiple federal officials. Burchett sought to have unspecified government agencies remove from their files references to 1985 criminal charges filed against him in the Floyd County (Kentucky) Circuit Court. Burchett also sought to have his federal sentence reduced by thirteen months. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 In his timely appeal, Burchett raises a plethora of issues. He has moved for the appointment of counsel.
 
 
 5
 The dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) is reviewed under the abuse of discretion standard. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Burchett's complaint. Burchett was not entitled to mandamus relief as he is essentially attacking the validity of his federal sentence. At the time his mandamus petition was pending, Burchett also filed a motion to reduce his sentence pursuant to 28 U.S.C. Sec. 2255. As Burchett has relief available under Sec. 2255, he is not entitled to the extraordinary writ of mandamus. See In re NLO, Inc., 5 F.3d 154, 156 (6th Cir.1993).
 
 
 7
 Burchett contends that the district court erred in not construing his petition as a lawsuit. However, it is clear from the petition that Burchett is seeking mandamus relief. The argument is meritless.
 
 
 8
 Burchett argues that the district court erred by not appointing him an attorney. Burchett was not entitled to appointed counsel, and we conclude that the district court did not abuse its discretion in denying Burchett's motion for appointed counsel. See Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir.1987).
 
 
 9
 Burchett also asserts that the district court erred in not permitting him to amend his complaint. A district court's decision denying leave to amend a complaint is reviewed under the abuse of discretion standard. Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir.1990). The district court did not abuse its discretion in denying the motion to amend as the amended complaint would not have withstood a motion to dismiss. See Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir.1991).
 
 
 10
 Burchett contends that the district court judge was biased. To establish judicial bias, the facts must be such that a reasonable person would be convinced that bias exists. See United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983). The facts of this case simply do not establish judicial bias. Finally, we concluded that Burchett's remaining arguments are entirely without merit.
 
 
 11
 Accordingly, we deny the motion for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, U.S. District Judge for the Eastern District of Michigan, sitting by designation