57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert L. SMITH, Jr., Plaintiff-Appellant,
v.
Dennis TALLEY; Ricky Bell; Rickman, Capt.; Nicky Jordan;
William Ricky Peebles, Defendants-Appellees.
 No. 95-5083.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1995.
 
 1
 Before: MARTIN and SILER, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Robert L. Smith, Jr., a pro se Tennessee prisoner, appeals the district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1981, 1983, 1985, and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and declaratory relief, Smith sued multiple state prison officials in their individual and official capacities. Smith essentially alleged that he was subjected to various forms of retaliation for his legal activities. In addition, his visitation rights were denied without due process, he was denied access to the courts, his personal property was seized, grievance procedures were not followed, and his equal protection rights were violated.
 
 
 4
 A magistrate judge conducted an evidentiary hearing on Smith's claims. Following the hearing, the magistrate judge found that Smith's claims were meritless and recommended granting summary judgment for the defendants. Smith objected to the report. Upon de novo review, the district court adopted the report and granted summary judgment for the defendants. In his timely appeal, Smith raises a plethora of issues.
 
 
 5
 This court's review of an order granting summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Smith contends that he was subjected to retaliation for his legal activities. The retaliation included multiple searches of his cell, confiscation of property, threats of segregation, false disciplinary reports, harassment, failure to follow prison regulations, and actual segregation. Government officials may not retaliate against persons who have participated in constitutionally protected conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286-87 (1977). In order to prevail on this claim, Smith must establish that defendants' actions constitute an egregious abuse of governmental power which would shock the conscience. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Smith can meet this burden by showing that the assertion of a protected right was a substantial or motivating factor in the defendants' alleged retaliatory conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ., 429 U.S. at 287. Smith bears the burden of showing retaliation. If he meets this burden, the defendants may then show that their conduct would not have been different absent the assertion of the protected right. Further, defendants' conduct must have a sufficiently close relationship to the claimed constitutional violation to conclude that defendants subjected Smith to the deprivation of a constitutionally protected right. Martinez v. California, 444 U.S. 277, 285 (1980). The evidence presented to the district court simply does not show that the defendants retaliated against Smith for his legal activities.
 
 
 7
 Smith contends that his visitation list should be restored. The evidence shows that Smith was requested to provide prison officials with recent photographs and approved applications for various visitors. Smith ignored this memorandum. Because Smith chose to ignore the prison's request for information, no constitutional violation occurred as the prison's request for the information is related to a legitimate penalogical interest. See Turner v. Safley, 482 U.S. 78, 88-91 (1987).
 
 
 8
 Smith contends that defendants improperly seized his personal property. The record reflects that some of Smith's seized property was returned to him. As for this property, no due process violation has occurred. However, as to the property which was not returned, Jordan must show that Tennessee had inadequate remedies to redress his wrongs. See Zinermon v. Burch, 494 U.S. 113, 136-38 (1990); Hudson v. Palmer, 468 U.S. 517, 531-34 (1984). Smith can file a claim with the Tennessee Claims Commission for reimbursement of the seized property. See Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985); see also Tenn.Code Ann. Sec. 9-8-307. Therefore, Smith fails to state a due process claim regarding the seizure of his property.
 
 
 9
 Smith contends that the magistrate judge was biased. The legal standard to establish judicial bias requires the facts to be such as would convince a reasonable person that bias exists. See United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983). Smith has presented no evidence, nor do the facts indicate, that the magistrate judge is biased. Finally, we find Smith's remaining arguments to be without merit.
 
 
 10
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation