70 F.3d 115
 1995-2 Trade Cases P 71,189
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward A. BIBBINS, Plaintiff-Appellant,
v.
REPUBLIC PARKING SYSTEM, a corporation; Rivercity Co., a
corporation; James C. Berry; William P.
Sudderth, Defendants-Appellees.
 No. 94-6403.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: BATCHELDER and MOORE, Circuit Judges, and ENSLEN, Chief District Judge.*
 
 ORDER
 
 2
 Edward A. Bibbins appeals a district court order dismissing his claims brought pursuant to 42 U.S.C. Secs. 1981 and 1983, 15 U.S.C. Secs. 1, 2, and 15 (Sherman Act), and state law (tortious interference with contract). He also appeals an order granting the defendants' motion for costs, attorney fees, and Fed.R.Civ.P. 11 sanctions. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bibbins, an African-American, filed this action alleging various civil rights and antitrust violations. Bibbins desired to rent a space in a parking lot as a food vendor for the purpose of selling barbecue to the general public out of a truck. Bibbins essentially alleged that he was the victim of race discrimination and that the defendants conspired to breach the lease agreement after they learned he is an African-American, minority businessman. He sought damages and injunctive relief.
 
 
 4
 By order filed March 16, 1994, the district court granted summary judgment and Fed.R.Civ.P. 12(b)(6) relief as to all the claims brought against Republic and Berry. The district court granted judgment to the remaining defendants (Sudderth and RiverCity) in an order filed May 26, 1994.
 
 
 5
 In a report and recommendation filed July 29, 1994, a magistrate judge recommended that a motion by defendants RiverCity and Sudderth for costs and attorney's fees be granted in the amount of $100 pursuant to Fed.R.Civ.P. 37(a)(4) on the ground that Bibbins failed to comply with discovery. The magistrate judge also recommended that a motion by defendants Berry and Republic to impose sanctions against Bibbins pursuant to Fed.R.Civ.P. 11 be granted. Despite Bibbins's objections, the district court adopted the report and recommendation in a memorandum and order filed August 19, 1994. Bibbins filed a notice of appeal on August 26, 1994.
 
 
 6
 This court lacks jurisdiction to review the May 26, 1994, order dismissing Bibbins's complaint. Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires a notice of appeal to be filed within 30 days from the date of the judgment entry or order from which the appeal is taken. There is no question that Bibbins's notice of appeal filed on August 26, 1994, from the August 19, 1994, order allowing attorney's fees and costs was timely. The appeal, however, from the May 26, 1994, order granting the motion for summary judgment and motion to dismiss filed by defendants Sudderth and RiverCity, was not timely. The filing of the defendants' motion for attorney's fees and costs did not toll the 30 day rule and thereby extend the time for filing the appeal on the underlying judgment. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-202 (1988). A motion for attorney's fees under Fed.R.Civ.P. 54 tolls the appeal period only if a district court under Fed.R.Civ.P. 58 extends the time for appeal. See Fed.R.App.P. 4(a)(4)(D). The district court did not extend the time for appeal in this case. Therefore, the only district court decision on review is contained in the August 19, 1994, order in which the district court granted the motions for costs and attorney's fees.
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion when it imposed sanctions under Fed.R.Civ.P. 11 and 37. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 551 (6th Cir.1994); Bodenhamer Bldg. Corp. v. Architectural Research Corp., 989 F.2d 213, 217 (6th Cir.1993) (Bodenhamer II ).
 
 
 8
 Concerning the imposition of Rule 11 sanctions, the record supports the district court's conclusion that Bibbins failed to conduct a reasonable inquiry to determine whether his claims predicated on federal law, i.e., the antitrust and civil rights claim, were well-grounded in fact. See Hughes v. Rowe, 449 U.S. 5, 15-16 (1980); Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 619 (9th Cir.1987). Regarding the sanctions under Fed.R.Civ.P. 37, the record supports the district court's conclusion that Bibbins failed to comply with discovery when Bibbins did not deliver a cassette tape cited in Bibbins's response to defendants' interrogatories.
 
 
 9
 Bibbins's argument that the district court judge should have recused himself because the judge is a personal friend of the defendants was not raised in the district court and is not reviewable on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). In any event, the legal standard to establish judicial bias requires the facts to be such as would convince a reasonable person that bias exists. See Liljeberg v. Health Servs. Acquist. Corp., 486 U.S. 847, 860 (1988); United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983). Examination of the stated basis for Bibbins's recusal argument reveals that Bibbins merely disagrees with the district court's decisions regarding his case.
 
 
 10
 Accordingly, the request for counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, United States Chief District Judge for the Western District of Michigan, sitting by designation