In re: Subhakar SURAPANENI; Quality Information Systems, Inc., Petitioners (01–1600).

United States of America, Plaintiff–Appellee (01–1689),

v.

Subhakar Surapaneni; Quality Information Systems, Inc., Defendants–Appellants (01–1689).

No. 01–1600, 01–1689.

United States Court of Appeals, Sixth Circuit.

June 18, 2001.

Before NELSON, BOGGS, and SUHRHEINRICH, Circuit Judges.

The defendants petition this court for a writ of mandamus directing the district court judge to recuse himself from further proceedings in this matter. (No. 01–1600). On the same day that the petition was filed in this court, the district court issued an order denying a motion for such recusal. The defendants also appeal that order. (No. 01–1689). Pursuant to the defendants' motion, the petition for relief in mandamus and the appeal are hereby consolidated for consideration upon the briefs filed in support of the petition for a writ of mandamus.

The defendants, Quality Information Services, Inc. (QIS), and its president, Subhakar Surapaneni, pleaded guilty to visa fraud and failure to report monetary instruments, respectively. Surapaneni was sentenced to a term of incarceration, which he has served, and a term of supervised release. QIS was placed on a four-year term of probation with a number of special conditions. Those conditions include the establishment of a program to prevent and detect violations of law and periodic reporting to the court. Pursuant to this judgment, the court appointed Joseph Whall of the Whall Group to serve as a monitor along with the probation department. The judgment of sentence also provided that QIS would "notify its employees, customers, clients and shareholders of its criminal behavior and its program to prevent and detect violations of the law ." Although the defendants filed an appeal from the judgment of sentence, it was dismissed by this court for want of prosecution.

In March of this year, the district court gave notice that a hearing would be conducted regarding enforcement of the judgment of sentence. At that hearing the district court expressed concern that the

defendants had not yet issued the notice required by the judgment of sentence. The court monitor had reported this fact to the district court and had also reported regarding entities related to QIS. The district court directed that the notice required by the judgment of sentence be issued forthwith and directed to those entities listed by the court monitor in a chart that the court produced at the hearing. The defendants asked for a stay in order to appeal, but the district court denied the request.

The defendants did not attempt to appeal or seek review of the ruling that the notice be issued. However, following the hearing they moved the district judge to disqualify himself and the court-appointed monitor. After this motion had been pending for a month, they filed in this court the instant petition for a writ of mandamus. On the same day, the district court issued an order denying the defendants' motion to disqualify. The defendants supplemented their petition for a writ of mandamus and also filed a direct appeal. Several days later the district court entered an order indicating that an evidentiary hearing would be conducted on the defendants' request to disqualify the court-appointed monitor. Within the petition for relief in mandamus, the defendants ask this court to order the district judge to recuse himself in advance of that hearing. However, the defendants now advise that by recent order the district court has cancelled that hearing and dismissed the defendants' motion for recusal of the court monitor pending the outcome of the instant petition, without prejudice to their right to reopen the motion for disqualification of the court monitor. This court therefore shall consider the petition for a writ of mandamus only insofar as it seeks a disqualification of the district court judge.

■ This court may consider a petition for a writ of mandamus following a district court's denial of a motion to disqualify based on an appearance of partiality. *In re Aetna Casualty and Surety Co.*, 919 F.2d 1136, 1143 (6th Cir.1990) (en banc). *Aetna* did not alter the high burden for relief that applies in a petition for a writ of mandamus. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re American President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir.1991) (order). This court reviews a trial judge's refusal to recuse himself for an abuse of discretion. *Reed v. Rhodes*, 179 F.3d 453, 467 n. 1 (6th Cir. 1999).

■ The defendants sought the district judge's recusal under both 28 U.S.C. § 144 and § 455(a). Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

This section is self-executing; upon the filing of a timely and legally sufficient affidavit, the district judge is obliged to recuse himself. However, the district judge of whom recusal is sought may initially determine the legal sufficiency of the affidavit. *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355 (6th Cir.1988) (citations omitted).

The other section under which recusal was sought, 28 U.S.C. § 455, provides:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his im-

partiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Under either § 144 or § 455, "[r]ecusal is mandated ... only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Easley*, 853 F.2d at 1356 (citations omitted). "A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir.1983) (internal quotes and citations omitted). Recusal is required if the judge demonstrates personal bias and/or personal knowledge of disputed evidentiary facts from an extrajudicial source other than his participation in the case. *United States v. Hartsel*, 199 F.3d 812 (6th Cir. 1999), *cert. denied*, 529 U.S. 1070, 120 S.Ct. 1679, 146 L.Ed.2d 487 (2000).

The court monitor in this case serves in a capacity similar to a probation officer who supervises a defendant on a term of probation or supervised release. A district judge's ex parte communications with a probation officer are not improper per se. *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir.1983). The district judge in the instant case emphasized both at the hearing and in the written order that he was conducting neither a probable cause nor a revocation hearing. In either case the procedures of Fed. R. Cr. P. 32 ensure that disputed issues of fact are subject to an adversary process. Here, the trial court thus far is attempting to administer a prior unchallenged judgment of sentence. This situation is distinct from

one in which the district court has undertaken ex parte meetings and communications with officers during a fact-finding phase of litigation. *See United States v. Craven*, 239 F.3d 91 (1st Cir.2001) (presentencing communication with probation officer); *Edgar v. K.L.*, 93 F.3d 256 (7th Cir.1996), *cert. denied*, 519 U.S. 1111, 117 S.Ct. 949, 136 L.Ed.2d 837 (1997) (ex parte meetings with experts regarding factual matters prior to trial on the merits). We are not convinced that the district court abused its discretion in denying the defendants' motion for disqualification.

Therefore, the petition for a writ of mandamus is DENIED, and the appeal is DISMISSED.