Dale T. WILSON, Plaintiff–Appellant,

v.

Mike HOLT, Lt.; Cathy Fergeson; Inv.; Jerry Priddy, Capt.; C.J. Chapman; Jeff Shepard; Austin, Inv.; City of Jackson; Mary Ellen Edwards; Robert P. Edwards; Linda Wood; Jeff Davis; Medical Center Emergency Services; John Doe, Emt, Defendants–Appellees.

No. 01–5298.

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before GUY and BATCHELDER, Circuit Judges; COHN, District Judge.*

## ORDER

Dale T. Wilson appeals a district court order that denied post-judgment motions he filed after the court dismissed his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wilson filed his complaint in the United States District Court for the Western District of Tennessee, alleging that he was deprived of his civil rights in connection with his arrest following a domestic dispute. Plaintiff named as defendants the City of Jackson, Tennessee, several Jack-son police officers and other city officials, an emergency medical service and two of its employees, and three private parties, all in unspecified capacities. Plaintiff sought $4,000,000 in compensatory and punitive damages and declaratory relief. The district court dismissed the complaint sua sponte as frivolous and entered judgment accordingly. Plaintiff filed a timely Fed.R.Civ.P. 59(e) motion styled as a motion to set aside order of dismissal, and motions to amend his complaint and for a default judgment. The district court denied the motions by order entered on December 20, 2000. Next, plaintiff filed a motion to reconsider the motion for a default judgment, an amended motion to set aside the order of dismissal, and a motion to recuse the district judge. The district court denied plaintiff's motions by order entered January 11, 2001, and plaintiff filed a notice of appeal.

On appeal, plaintiff essentially reiterates his claims that defendants violated his constitutional rights and contends that the district court was biased against him. Defendants respond that this court lacks jurisdiction over the district court's judgment dismissing plaintiff's complaint and that the judgment and the court's other rulings were proper in any event. After briefing, this court granted defendants' motion to dismiss this appeal for lack of jurisdiction as it applies to the district court's underlying judgment and December 20, 2000, order denying plaintiff's initial post-judgment motions. *Wilson v. Holt*, No. 01–5298 (6th Cir. Dec. 11, 2001) (unpublished). Thus, jurisdiction is proper only with respect to the district court January 11, 2001, order that denied plaintiff's subsequent post-judgment motions. *Id.* Upon consideration, we affirm the district court's

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

order because the district court did not abuse its discretion in denying plaintiff's motions to recuse or for relief from judgment.

First, the district court did not abuse its discretion in denying plaintiff's motion to recuse. *See In re Adams,* 31 F.3d 389, 396 (6th Cir.1994); *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir. 1990). Only well after judgment did plaintiff allege in a conclusory manner that the district court may be biased against him. However, plaintiff did not file an affidavit alleging judicial bias in the district court. *Sammons,* 918 F.2d at 598–99. The district court denied plaintiff's motion as moot. Generally, a district court must recuse itself only where the facts would convince a reasonable person that personal or extrajudicial bias exists. *Id.* at 599; *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir.1983). Here, the district court did not abuse its discretion in denying plaintiff's motion to recuse given the belated and otherwise unsubstantiated nature of plaintiff's motion. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Finally, insofar as plaintiff's motion to reconsider the motion for a default judgment and amended motion to set aside the order of dismissal can be construed as a Fed.R.Civ.P. 60(b) motion, *see Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998), the district court did not abuse its discretion in denying relief. *See Williams v. Browman,* 981 F.2d 901, 903 (6th Cir.1992); *McDowell v. Dynamics Corp. of Am.,* 931 F.2d 380, 383 (6th Cir. 1991). Again, an appeal taken from an order that denied a Fed.R.Civ.P. 60(b) motion does not bring up for review the merits of the underlying judgment. *See Browder v. Director, Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989). Rather, this court's inquiry is limited to whether one of the circumstances specified in Fed.R.Civ.P. 60(b) exists which might permit plaintiff to reopen the merits of his underlying claims. *See Feathers,* 141 F.3d at 268. Here, plaintiff essentially reiterated his claims for relief. Under these circumstances, the district court did not abuse its discretion in denying relief.

For the foregoing reasons, the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.