**Martin HALL, Petitioner–Appellant,**

v.

**Ken ROBINSON, Respondent–Appellee.**

**No. 01–2403.**

United States Court of Appeals,
Sixth Circuit.

June 24, 2002.

Before COLE and GILMAN, Circuit Judges; MILLS, District Judge.*

*ORDER*

Martin Hall appeals a district court judgment that denied his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The parties have waived oral argument. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Detroit Recorder's Court in 1995, petitioner was convicted of possession of 650 grams or more of cocaine and was sentenced to life imprisonment. The Michigan Court of Appeals affirmed the conviction on appeal, but remanded the case to correct petitioner's sentence to reflect his eligibility for parole from his sentence. *People v. Hall*, No. 195567, 1997 WL 33330661 (Mich.Ct. App. Dec. 19, 1997). The Michigan Supreme Court denied leave to appeal.

Thereafter, petitioner filed his federal habeas petition alleging that he was denied a fair trial by the state trial judge's misconduct. The state responded in opposition to the petition, and petitioner filed a response. After the district court appointed counsel to represent petitioner and conducted a hearing, the court denied the petition as without merit. Petitioner filed a timely notice of appeal pro se. The district court granted petitioner a certificate of appealability and appointed counsel to represent petitioner on appeal.

On appeal, petitioner reiterates his judicial misconduct claims. The state responds that petitioner did not exhaust all of his judicial misconduct claims and that the claims otherwise lack merit. The parties have waived oral argument on appeal.

Upon de novo review, *see Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999), we affirm the judgment for the reasons stated by the district court in its opinion and order filed September 26, 2001. Essentially, petitioner cannot show that he was denied his constitutional right to a fair trial from the claims of judicial misconduct in this case. *See Quercia v. United States*, 289 U.S. 466, 470, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir.1983); *Blanco v. Singletary*, 943 F.2d 1477, 1495–96 (11th Cir.1991).

For the foregoing reasons, it is recommended that the district court's judgment be affirmed.

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.