Thomas J. ERICKSON, Plaintiff–Appellant,

v.

Denise COULING, Esq.; John Doe, 1–50; Terrance P. Sheehan; Sean O'Bryan, Esq.; Constance E. Cumbey; Jan Macainsh; Tina Fanning; Sheehan & Couling, P.C.; Suellen Parker; Cumbey & Associates; Richard Yuille; Robert Ransom; Genesee County Circuit Court; Duncan Beagle; Judith Fullerton; Geoffrey Nethercut; Joseph N; Thomas Gadola; Bruce Newman; Michael J. Carr; Barbara Menear; Genesee County; Genesee County Board of Commissioners, Defendants–Appellees.

No. 01–2540.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

Thomas J. Erickson appeals a district court order in which the district court denied several post-judgment motions Erickson filed after the court dismissed his action to remove domestic relations proceedings from the Genessee Circuit Court. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Erickson filed a complaint in the district court seeking to remove civil proceedings from state court, and the district court dismissed the complaint for failure to state a claim upon which relief can be granted. This court affirmed the district court's judgment. *See Erickson v. Couling,* 31 Fed.Appx. 307 (6th Cir.2002). While that appeal was pending before this court, plaintiff filed various motions in the district court, at least some of which sought relief from the district court's judgment. The district court denied plaintiff's motions, and plaintiff filed a timely notice of appeal. On appeal, plaintiff primarily asserts that the district court acted improperly and was biased against him. Upon consideration, we will affirm the order because the district court did not abuse its discretion in denying plaintiff's motions.

First, plaintiff's claim on appeal that the district court was biased against him was not asserted in the district court.

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

On appeal, plaintiff cites only unfavorable rulings for his otherwise conclusory allegations that the district court acted improperly and was biased against him. Generally, a district court must recuse itself only where the facts would convince a reasonable person that personal or extrajudicial bias exists. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990); *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir.1983). Plaintiff cites nothing that can be deemed to constitute bias. Under these circumstances, plaintiff's claim lacks merit.

Further, insofar as plaintiff's postconviction motions can be construed as a Fed. R.Civ.P. 60(b) motion, *see Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998), the district court did not abuse its discretion in denying relief. *See Williams v. Browman,* 981 F.2d 901, 903 (6th Cir.1992); *McDowell v. Dynamics Corp. of Am.,* 931 F.2d 380, 383 (6th Cir. 1991). An appeal taken from an order that denied a Fed.R.Civ.P. 60(b) motion does not bring up for review the merits of the underlying judgment. *See Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989). Rather, this court's inquiry is limited to whether one of the circumstances specified in Fed. R.Civ.P. 60(b) exists which might permit plaintiff to reopen the merits of his underlying claims. *See Feathers,* 141 F.3d at 268. Here, the district court correctly concluded that plaintiff cited nothing that warrants relief from its earlier judgment that dismissed plaintiff's complaint. Accordingly, the district court did not abuse its discretion in denying relief.

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by

For the foregoing reasons, the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.