IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-20877
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADIELE CHUKWU ONWUASOANYA,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. CV-H-96-1092

---

April 16, 1999

Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

Pressing that he was denied effective assistance of counsel, Adiele Chukwu Onwuasoanya appeals the district court's denial of his 28 U.S.C. § 2255 motion. Onwuasoanya asserts that his plea, to a charge of conspiracy to import heroin, was not knowing and voluntary because of the ineffective assistance, and that his counsel failed to appeal despite Onwuasoanya's request. He also maintains that the government broke its promise not to use information he supplied against him at sentencing and that there was no factual basis to support the plea.

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

It is on Onwuasoanya's allegation that his counsel did not appeal that we focus. Onwuasoanya was sentenced on July 13, 1992, but did not file a timely notice of appeal. More than a year later, on December 6, 1993, Onwuasoanya filed in the district court a notice of his intent to appeal to vacate, correct, and modify the final judgment. The district court denied this motion without explanation. On April 8, 1996, Onwuasoanya filed pro se the § 2255 motion at issue here.

Initially, the government did not respond to the § 2255 motion, and the district court summarily denied it. Onwuasoanya timely noticed his appeal, and we granted him COA for the sole purpose of a limited remand to the district court for entry of reasons for its dismissal. After ordering the government to respond to the § 2255 motion, the district court denied the motion once again. On the relevant issue, the court found that Onwuasoanya was not entitled to an evidentiary hearing, because his assertions that he told his attorney to file an appeal were conclusional and unsupported by the record or any other evidence. We subsequently held that Onwuasoanya need not obtain a COA to appeal, because he filed his § 2255 motion in the district court before the effective date of the AEDPA.

Ordinarily, a § 2255 movant alleging ineffective assistance of counsel must show both deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668, 690, 692 (1984). When the attorney's performance allegedly resulted in the actual or constructive denial of any assistance of appellate counsel,

2

prejudice is presumed, and the movant need not demonstrate that he would have succeeded on appeal. See Penson v. Ohio, 488 U.S. 75, 88 (1988); United States v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993) ("If a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish--as a prerequisite to habeas relief--that he had some chance of success on appeal.").

"The duty to perfect an appeal on behalf of a convicted client [arises] when the client makes known to counsel his desire to appeal the conviction." Childs v. Collins, 995 F.2d 67, 69 (5th Cir. 1993). The Constitution requires that a defendant be advised "of the procedure and time limits involved and of his right to appointed counsel on appeal." Id. In certain circumstances, an attorney's failure to inform a defendant of applicable time limitations violates professional standards and constitutes ineffective assistance. See Gipson, 985 F.2d at 216. In this case, Onwuasoanya alleges that he told his attorney to file a notice of appeal, but his attorney refused. Though it advised him of his right to appeal, the trial court did not inform him of the relevant procedures and time limits.

The district court abused its discretion by not holding an evidentiary hearing on Onwuasoanya's claim that he informed his attorney he wanted to appeal and was not told of the applicable time limitations. This is so despite the great length of time between sentencing and the filing of the § 2255 motion. We confronted an almost identical situation in Chapman v. United

3

States, 469 F.2d 634 (5th Cir. 1972). The appellant in that case similarly "allege[d] that his lawyer abandoned the appeal without notice to either the appellant or the court." Id. at 636. Even though the prisoner had waited four years before filing the claim, we held that "it was error for the district court to deny the appellant's motion without an evidentiary hearing." Id. at 637.

The government's counterarguments are unavailing. First, the government argues that Onwuasoanya is procedurally barred. By choosing not to respond to the § 2255 motion, however, the government waived this procedural bar. See United States v. Drobny, 955 F.2d 990, 994-95 (5th Cir. 1992). It does not appear that the government sought to invoke the procedural bar after we granted COA for the limited purpose of allowing the district court to indicate the reasons behind its decision. We need not decide here whether the government could raise the procedural bar on remand. See generally United States v. Guerra, 94 F.3d 989, 992-93 (5th Cir. 1996).

Second, the government emphasizes that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983). "[A] district court does not commit error when it disposes of a habeas petitioner's claims without holding a full-fledged evidentiary hearing when those claims are unmeritorious, conclusory, and wholly unsupported by the record." Id. at 1011 n.2. In Ross, however, the appellant claimed that a witness would have supported his alibi, yet did not include an affidavit. Here, as in

4

<u>Chapman</u>, the petitioner promises to testify himself about the relevant events, and there is nothing in the record inconsistent with his allegation.

We VACATE and REMAND so that the district court can hold an evidentiary hearing on Onwuasoanya's claim that his attorney ignored his request to file an appeal. Because a decision in Onwuasoanya's favor would allow him to file an out-of-time appeal, arguably mooting his remaining issues, we do not decide these here.