# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31102

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2015

Lyle W. Cayce
Clerk

YANCY BRANCH,

Petitioner–Appellant,

v.

STEVE RADAR, Warden,

Respondent–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2542

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Branch appeals the district court's denial of his petition for a writ of habeas corpus. We previously granted a Certificate of Appealibility (COA) on two issues arising from his claim of ineffective assistance of counsel for failure to file an appeal following his guilty plea. Because the district court was correct in its decision to deny habeas relief, we AFFIRM.

---

* Pursuant to Fifth Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Cir. R. 47.5.4.

No. 13-31102

**I.**

In May 2011, Yancy Branch pleaded guilty to a single count of manslaughter and was sentenced to thirty years' imprisonment. As part of the plea agreement, Branch and his counsel signed a "Waiver of Constitutional Rights," acknowledging that Branch was aware of and was waiving various rights, including his right to "appeal any verdict of guilty that might be returned against [him] at trial."

In August 2011, Branch filed an application for state habeas relief seeking an out-of-time appeal. He asserted that his counsel failed to notify him of the right to appeal, failed to file a requested appeal, was ineffective on various other grounds, and that his sentence was excessive. While Branch's application was filed *pro se*, and did not thoroughly articulate the alleged violations, it is sufficiently clear that he alleged a violation of due process and ineffective assistance of counsel. The state habeas petition itself was sworn and notarized, but the allegation that he requested that counsel file an appeal was not in the actual state habeas petition. Rather, the attached memorandum in support, which is not sworn, states that "counsel failed to file an Appeal as per petitioner's request," and that "counsel failed to notify him of the right to appeal, whereas, the attorney was at fault in failing to file or perfect a timely appeal." The state trial court denied relief in a short order stating that it "reviewed [Branch's] application for post conviction relief along with the record in this case and after considering same [Branch's] application for post-conviction relief is denied. The allegations raised by [Branch] are without merit as he failed to provide evidence to support them."

On January 28, 2012, the state appellate court denied Branch's application for a supervisory writ, concluding that there was "no error in the judgment of the district court denying [Branch's] application for post conviction relief. The record shows that he entered an unqualified guilty plea and that

No. 13-31102

his sentence was part of his plea agreement with the State. As such, [Branch] has waived his right to an appeal." The Louisiana Supreme Court denied writs without explanation.

Branch filed a timely 28 U.S.C. § 2254 application. He argued that, as submitted in his state application for habeas relief, he received ineffective assistance of counsel because his counsel failed to file a requested appeal. The magistrate judge, in his report and recommendations, determined that Branch's assertion that he had requested that his counsel file an appeal was unsupported and conclusory. The magistrate judge also concluded that even if Branch could show that his counsel failed to file a requested appeal, he could not demonstrate prejudice in light of his written waiver. The district court adopted the magistrate judge's report and recommendations and denied a COA. This court granted a COA on two issues: (1) whether the district court erred by denying relief based on a finding that Branch failed to present any evidence showing he had requested that counsel file an appeal and finding that Branch failed to show prejudice because of the waiver of appeal provision; and (2) whether district court erred in failing to hold an evidentiary hearing.

## II.

On habeas review, this court reviews the district court's findings of fact for clear error and its legal conclusions de novo. *Summers v. Dretke*, 431 F.3d 861, 868 (5th Cir. 2005). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), federal courts must defer to a state habeas court's determination of the merits of a prisoner's claim unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal

No. 13-31102

court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

The issue of ineffective assistance of counsel is a mixed question of law and fact. *Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2009). Because we apply the standard of § 2254(d)(1) to these questions, we will defer to the state court's determination of the merits of a prisoner's claim unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States." § 2254(d)(1).

## III.

Ineffective assistance of counsel claims are analyzed under the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy the *Strickland* standard, Branch must show: (1) that his counsel's performance was deficient; and (2) that he was prejudiced by this deficiency. *Strickland*, 466 U.S. at 687. For the reasons that follow, we hold that Branch has failed to satisfy the first prong of *Strickland* to warrant relief under the highly deferential AEDPA standard of review. We need not address the second prong.

Branch's *pro se* habeas petition filed in the district court asserts ineffective assistance of counsel claims related to his request that counsel file an appeal and counsel's failure to do so. However, the petition does not clearly articulate the specific constitutional argument. A failure to file an appeal when instructed to do so can satisfy the first prong of *Strickland*. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). In support of his federal habeas claim that he requested counsel to file an appeal, Branch relies only his prior allegations in his state habeas memorandum. The state trial court, on habeas review,

4

found that "the allegations raised by [Branch] are without merit as he failed to provide evidence to support them." Though none of the state courts provides an analysis of the ineffective assistance of counsel issues, the district court reviewed the state courts' decisions to determine if they were contrary to any federal law regarding ineffective assistance of counsel.

Branch argues that his statement alone is sufficient evidence that he requested his counsel to file an appeal. In support, he relies chiefly upon *Jones v. Scott*, 71 F.3d 878 (5th Cir. 1995).[1] In *Jones*, which was decided pre-AEDPA, this court held that a defendant's sworn statement that he asked his counsel to appeal his revocation of probation, and counsel failed to do so, was sufficient to warrant habeas relief. *Id.* Here, Branch provides even less that what was held sufficient in *Jones*.

Post-AEDPA, in reviewing questions of law or mixed questions of law and fact, we will only disturb the conclusions of the state habeas court if it acted contrary to clearly established federal law. § 2254(d)(1).[2] In *Jones*, which was decided pre-AEDPA, this court offered no deference or "presumption of correctness" to the state court's findings. *Jones*, 71 F.3d at *2. Here, in contrast, "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so."

---

[1] This court also relied upon *Jones* in granting a COA on this issue. As the grant of the COA indicates, this is a question upon which reasonable jurists could disagree. On the merits, we cannot conclude that the state court's decision that *Branch* failed to provide sufficient evidence that he requested that counsel file an appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

[2] 28 U.S.C. § 2254(d)(2), which permits federal courts to grant habeas relief where the state court made an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," was not raised by Branch. Even if it had been raised, we cannot say that the state court was objectively unreasonable in concluding that Branch's bare-bones allegations were insufficient to demonstrate that he actually requested that counsel file an appeal.

*Harrington*, 131 S. Ct. at 788 (citations and internal quotation marks omitted). We thus accord great deference to the state court. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Under this deferential standard of review, we hold that the state court's conclusion did not contradict clearly established federal law that would establish that Branch's counsel's performance was deficient.

In his federal habeas petition, Branch states that "[he] alleged in the original application for post conviction relief that he requested an appeal through his attorney, but the attorney failed to pursue the appeal." However, the sworn and notarized state habeas petition does not contain these claims. Rather, the attached memorandum in support states that "counsel failed to file an Appeal as per petitioner's request," and that "counsel failed to notify him of the right to appeal, whereas, the attorney was at fault in failing to file or perfect a timely appeal." Branch provided no details, no elaboration, and no corroboration. He has not provided an affidavit or any other evidence that he requested that counsel file an appeal. In addition, Branch *affirmatively waived* his right to appeal through his plea agreement, which included his signed "Waiver of Constitutional Rights," waiving the right to appeal and making his claim less credible.[3] On these facts, we cannot say that the state habeas court's decision was unreasonable in light of clearly established federal law.

---

[3] Other cases that hold that the defendant provided sufficient evidence that he requested counsel file an appeal have contained outside evidence in the record supporting the defendant's claim or, at the least, no evidence inconsistent with the defendant's assertion. *See, e.g.*, *Flores-Ortega*, 528 U.S. at 474 (counsel's notes included note to "bring appeal papers"); *United States v. Tapp*, 491 F.3d at 264 (counsel actually filed appeal one day late); *United States v. Reed*, 719 F.3d 369, 374 (5th Cir. 2013) (nothing in the record contradicted defendant's assertion); *United States v. Onwuasoanya*, 180 F.3d 261, *2 (5th Cir. 1999) ("[T]here is nothing in the record inconsistent with [defendant's] allegation").

No. 13-31102

**IV.**

We also granted a COA on the issue of whether the district court erred in failing to conduct an evidentiary hearing. However, Branch completely failed to brief the issue. "Failing to brief an issue on appeal constitutes waiver." *Lara v. Johnson,* 141 F.3d 239, 242 n.3 (5th Cir. 1998). Because Branch did not brief the evidentiary hearing issue, it is waived.

**V.**

For the foregoing reasons, the judgment of the district court is AFFIRMED.