ACCEPTED
01-14-00630-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/3/2015 2:00:42 PM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00630-CR

NO. 01-14-00631-CR

NO. 01-14-00632-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/3/2015 2:00:42 PM
CHRISTOPHER A. PRINE
Clerk

IN THE
COURT OF APPEALS OF TEXAS
FIRST SUPREME JUDICIAL DISTRICT
SITTING AT HOUSTON, TEXAS

IN RE

DOMINIQUE DONTAE LASKER

RELATOR'S MOTION FOR EN BANC RECONSIDERATON

Frank Blazek
SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
Phone:  936-295-2624
Telecopier:  936-294-9784
frankblazek@smithermartin.com

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]
wfcarter73@yahoo.com

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

RIGHTS UNDER THE IADA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

GROUNDS FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . .  4

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . .  10

# TABLE OF AUTHORITIES

Cases:

*Lara v. Johnson*, 141 F.3d 239 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . 6

*Lara v. State*, 909 S.W.2d 615 (Tex. App.–Ft. Worth 1995). . . . . . . . . . . . . . 5

*State v. Chestnut*, 424 S.W.3d 213 (Tex. App.–Texarkana 2014). . . . . . . . . . . 5

Statutes:

Tex. Code Crim. Proc. 51.14. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-7

Tex. Code Crim. Proc. 51.14 Art. IX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. Code Crim. Proc. 51.14 Art. V(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rules:

Tex. R. App. P. 49.7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

NO. 01-14-00630-CR
NO. 01-14-00631-CR
NO. 01-14-00632-CR

———————————

IN THE
COURT OF APPEALS OF TEXAS
FIRST SUPREME JUDICIAL DISTRICT
SITTING AT
HOUSTON, TEXAS

———————————

IN RE

DOMINIQUE DONTAE LASKER

———————————

**RELATOR'S MOTION FOR EN BANC RECONSIDERATION**

———————————

TO THE HONORABLE JUSTICES OF SAID COURT:

Now comes the Relator, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his Motion for En Banc Reconsideration, and for cause would show the Court the following:

# PROCEDURAL HISTORY

A three-justice panel of this Court issued an order denying Relator's Petition for Mandamus on January 27, 2015. *In re Lasker*, 2015 Tex. App. LEXIS 699 (Tex. App.–Houston [1st Dist.] Jan. 27, 2015). This motion is made within fifteen days thereof pursuant to Rule 49.7 of the Texas Rules of Appellate Procedure.

By way of background, Relator is the defendant in three criminal cases pending in the 506th District Court of Waller County, Texas. Relator contends that he is entitled to a dismissal of those charges pursuant to the remedies of the Interstate Agreement on Detainers (IADA), Texas Code of Criminal Procedure, Art. 51.14.

Relator moved the trial court to dismiss these cases pursuant to the IADA. After a hearing on the matter the trial judge refused to do so. Relator brought this mandamus petition to this Court contending that there were no disputed issues of fact and he was entitled to a dismissal as a ministerial act of the trial court.

# RIGHTS UNDER THE IADA

The IADA imposes time limits for a trial to commence in an applicable case. If the State fails to commence a trial within the time limits, the defendant is

entitled to a dismissal with prejudice. Art. 51.14 Article V(c) Texas Code of Criminal Procedure.

The IADA sets a 180-day time limit from the date of an effective demand for speedy disposition if a defendant requests a speedy disposition of a detainer while serving a prison sentence in another State. The IADA sets a 120-day time limit from the date the defendant is brought to this State if the State requests temporary custody under the IADA.

## GROUNDS FOR RELIEF

In this case it is undisputed that Relator was serving a prison sentence in the federal prison (Pages 2 and 3 of the State's Response to Petition of Writ of Mandamus) and that a detainer for these charges by Waller County was placed on him. RR 5, p. 7. Further, the Warden's Certificate describes the pending detainers which had been placed on Relator at the time of his second request. CR 19.

In the trial court and in the Petition for Writ of Mandamus, Relator argued that he was entitled to relief on three factual theories: (1) that the State did not commence trial within 180 days of his first request for speedy disposition of his detainers; (2) that the State did not commence trial within 180 days of his second request for speedy disposition of his detainers; and (3) that the State did

not commence trial within 120 days of his arrival in the State pursuant to the State's request for temporary custody.

## ARGUMENT AND AUTHORITIES

Relator remains confident that all three grounds for relief are valid. Without abandoning any claim for relief, this motion for reconsideration will focus on Relator's right to relief on his second request for speedy disposition.

The State concedes that the second request was received by the Court and the District Attorney on February 8, 2013. The State concedes that it was delivered by certified mail. The State contends that its only imperfection was that the warden did not certify Relator's parole eligibility date (Page 3 of the State's Response to Petition of Writ of Mandamus). Under the IADA, this second request, if effective, would start a 180-day time limit, which would expire on August 11, 2013. No trial commenced and no motion for continuance was ruled upon until September 9, 2013.

The State contends that this second request was not effective because the prison warden left blank the parole eligibility date on the certificate of inmate status. CR 19. There is no clear authority for the State's position. It is undisputed that the State was aware that Relator was not eligible for parole. None of the cases cited by the State offer an example where an IADA request was

held invalid because a warden failed to complete the certificate with regard to parole eligibility date.

Could this Court be holding that leaving a blank empty rather than typing in the word "none" constitutes a fatal flaw rendering the IADA request ineffective? In the context of this case, leaving a blank is the meaningful equivalent of typing in the word "none." This is especially true when the State is aware that the correct meaning is "none." No one was mislead or uninformed of Relator's parole eligibility date because the blank was left empty.

Relator's second request constitutes strict compliance with the IADA. Strict compliance does not require perfect compliance. See: *State v. Chestnut*, 424 S.W.3d 213 (Tex. App.–Texarkana 2014). In *Chestnut* the court held that the defendant was entitled to relief under the IADA when through no fault of his own his request for speedy disposition was never received by the court but was received only by the prosecutor.

The State relies heavily on *Lara v. State*, 909 S.W.2d 615 (Tex. App.–Ft. Worth 1995). The Court of Appeals in *Lara* found that the defendant there did not submit his IADA request to the warden as required by the statute, that there was no certificate of status filed by the warden as required by the IADA and that the defendant did not otherwise attempt to provide the information required in

the certification and, thus, there was no strict compliance with the IADA. It was therefore proper to deny relief under the IADA. In this case Relator's circumstances are entirely different. Relator did everything he was required to do by the statute. The warden did everything he was required to do as well. The State had all the information required, even though one blank was left empty on the warden's certification. The IADA request was near perfect.

*Lara* does not stand for the proposition that the IADA request must be perfect.

> However, we are not implying or stating that nothing short of strict and literal compliance with each and every IAD provision is absolutely necessary to sufficiently notify a state's prosecutors of a request for trial. We merely state that Lara's letter does not pass muster under the precedent and standards previously listed to trigger the IAD.

*Lara v. Johnson*, 141 F.3d 239, 243 (5th Cir. 1998).

The circumstances of this case compel a conclusion that Relator strictly complied with the provisions of the IADA.

The State further argues that the Relator was brought into open court within the 180 days without counsel and that the case was continued and reset for a later date. A fair reading of the eight pages of the Court Reporter's Record, Volume 2, of that hearing will show that there was no continuance and no reset of the case.

Certainly there is nothing that indicated that the Relator was agreeing to any delay. The case was never set for trial within the 180-day period. Thus there was no implied continuance. Relator never agreed to or requested any resetting or delay.

Because the three-justice panel did not write an opinion explaining or hinting at the basis of their decision, counsel for Relator remains unguided as to any defect in his pleadings or deficiencies in his argument.

As the legislature wrote in Article IX of the IADA "this agreement shall be liberally construed so as to effectuate its purposes." The State would ask our courts to do contrary to that.

## **PRAYER FOR RELIEF**

Relator respectfully prays that this Court will reconsider this motion en banc and grant relief by issuing a writ of mandamus directing the trial court to follow the IADA and dismiss these three causes with prejudice.

Respectfully submitted,

**SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.**
1414 11th Street
Huntsville, Texas  77340
(936) 295-2624
(936) 294-9784 [Telecopier]
frankblazek@smithermartin.com

By   /s/Frank Blazek
        Frank Blazek
        State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]
wfcarter73@yahoo.com

# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *Motion for En Banc Reconsideration* has been forwarded to opposing counsel on this the 3rd day of February, 2015, by U.S. Mail, postage prepaid, and addressed as follows:


Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445


  /s/Frank Blazek
Frank Blazek

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Relator's Motion for En Banc Reconsideration complies with Texas Rule of Appellate Procedure 9 and contains 1262 words.

/s/Frank Blazek
Frank Blazek